UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAMON WARD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF WAYNE, *et al.*,<br><br>Defendants. | Case No. 21-12742<br>Honorable Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
WAYNE COUNTY'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 119)**

## I.   Introduction and Background

Defendants Wayne County, Robert Agacinski, and Janet Napp moved for summary judgment, but the parties later stipulated to dismiss the claims against Agacinski and Napp. ECF No. 119; ECF No. 139. Thus, this report and recommendation addresses the claims against the County only.[1]

Plaintiff Ramon Ward filed this action after the County Prosecutor's Conviction Integrity Unit (CIU) exonerated him for murders that occurred in

---

[1] The Honorable Paul D. Borman referred this matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 140.

January 1994.  ECF No. 1; ECF No. 128-17.  Ward spent 27 years in prison before the CIU found "conclusively that Mr. Ward did not commit the crimes."  ECF No. 128-17.

The County prosecutor said in a February 2020 press release that she would "support Mr. Ward's anticipated state claim for relief under the Wrongful Imprisonment Compensation Act [WICA]."  *Id*. (cleaned up).  Seven months later, the Honorable Michael J. Kelly entered a stipulated order of judgment to "resolve the pending lawsuit" between Ward and the state of Michigan.  ECF No. 119-11, PageID.3762-3763.  The judgment awarded Ward $1,251,540.64 under WICA, M.C.L. § 691.1751, *et seq*.  *Id*.

Ward then filed this lawsuit against the County and others.  ECF No. 1.  He claimed that the County is liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 658 (1978), because it had a policy or custom of obtaining false statements and testimony against criminal defendants and of concealing evidence of that falsity.  *Id*., PageID.25-34, 41-43.  The County contends that Ward's claims against it are barred under WICA because of the stipulated state court judgment.  ECF No. 119, PageID.3171-3172.  The Court agrees.

II.    Analysis

Under WICA, the state court must award a wrongfully convicted plaintiff who meets the act's burden of proof $50,000 for each year of the wrongful imprisonment in exchange for a release of all claims against "this state." M.C.L. § 691.1755(2)(a) & (8).[2]  "'This state' means the state of Michigan and its political subdivisions, and the agencies, departments, commissions, and courts of this state and its political subdivisions." M.C.L. § 691.1752(e).  Ward does not deny that the County is a political subdivision under WICA.  Rather, he contends that WICA does not bar his claim against the County because the stipulated judgment "excluded" § 691.1755(8) and invoked only § 691.1755(9)-(13).  ECF No. 128, PageID.5520; ECF No. 119-11, PageID.3762-3763.  After Ward filed his response, the Honorable David M. Lawson rejected that argument.  *Smith v. Cnty. of Wayne*, No. 21-12070, 2023 WL 8788944, at *10 (E.D. Mich. Dec. 19, 2023).

---

[2] "The acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the claim, must be in writing and, unless it is procured by fraud, is final and conclusive on the plaintiff, constitutes a complete release of all claims against this state, and is a complete bar to any action in state court by the plaintiff against this state based on the same subject matter.  However, the acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the plaintiff's claim, does not operate as a waiver of, or bar to, any action in federal court against an individual alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment." M.C.L. § 691.1755(8).

3

The plaintiff in *Smith* relied on Ward's stipulated judgment—*the very judgment at issue here*—to support the plaintiff's contention that his claim against Wayne County was not barred.  *Id.* ("[T]he language the plaintiff references is found in a state court order that was entered in a case involving someone other than Smith. *See* Wayne Cnty. Defs' Mot. Summ. J., Ex. O, Stipulated Order of Judgment, ECF No. 103-16, PageID.4415-17 (referring to "Ramon Lamar Ward" as plaintiff.")).  Like Ward, Smith argued "that his WICA settlement agreement did not release his claims against the County, because it expressly stated that 'Plaintiff's award is subject to the protections and limitations described in MCL 691.1755(9)-(13),' excluding any reference to the statutory claim release language in section 691.1755(8), on which the defendants rely."  *Smith*, 2023 WL 8788944 at *10.

Rejecting that argument, Judge Lawson noted that Ward's judgment included no language "suggesting that the 'state' or 'its political subdivisions' waived their rights under subsection 8." *Id*.  And Smith's contention that the state implicitly waived "subsection 8 finds no support in the jurisprudence." *Id*.  Under the plain meaning of WICA, Smith's acceptance of an award "'*constitute[d] a complete release of all claims against this state*.'" *Id*. (emphasis in original).

4

The *Smith* decision was not the first to conclude that a plaintiff's claim against a municipality was barred under WICA.

> Other district courts in this circuit have considered the same question and readily concluded that the plain language of the WICA statute bars *Monell* claims against a Michigan county where the plaintiff previously accepted an award of compensation under the state law. *E.g., Deering v. Oakland County*, No. 22-11809, 2023 WL 5808831, at *5 (E.D. Mich. Sept. 7, 2023) ("WICA was designed to effectuate the release of all claims — federal and state — against the state, but without an express limitation on federal court jurisdiction."); *Clark v. Abdallah*, No. 21-10001, 2023 WL 4851410, at *2 (E.D. Mich. July 28, 2023) ("The Court finds that Plaintiffs voluntarily waived their right to sue [the City of Inkster] in federal court when they entered into stipulated WICA agreements."); *DeJesus v. Harvey*, No. 22-12879, 2023 WL 4372682, at *4 (E.D. Mich. July 6, 2023) ("[T]he Court reads the WICA as precluding a WICA-awarded plaintiff from suing the state or any of its political subdivisions in federal court. Plaintiffs thus cannot advance a *Monell* claim against the County."). The plaintiff has cited no decisions holding to the contrary. His claims against the County are barred by operation of subsection 8.

*Id*.

Ward likewise cites no authority to support his argument that he can sue the County here despite his acceptance of a WICA award. The Court thus **RECOMMENDS** that the County's motion for summary judgment **(ECF No. 119)** be **GRANTED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: February 2, 2024

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 2, 2024.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager