UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON WARD,

Plaintiff,                                Case No. 21-cv-12742

v.                                        Paul D. Borman
                                          United States District Judge
COUNTY OF WAYNE, MONICA
CHILDS, DALE COLLINS, FRED                Elizabeth A. Stafford
JORGENSEN, TONY SANDERS,                  United States Magistrate Judge
AND UNKNOWN EMPLOYEES OF
THE WAYNE COUNTY
PROSECUTOR'S OFFICE AND THE
DETROIT POLICE DEPARTMENT,

Defendants.

_____/

**OPINION AND ORDER**
**(1) ADOPTING MAGISTRATE JUDGE ELIZABETH A. STAFFORD'S
FEBRUARY 2, 2024 REPORT AND RECOMMENDATION
(ECF NO. 147);
(2) AFFIRMING MAGISTRATE JUDGE STAFFORD'S FEBRUARY 2,
2024 ORDER (ECF NO. 146);
(3) OVERRULING PLAINTIFF RAMON WARD'S OBJECTIONS TO
THE ORDER AND REPORT AND RECOMMENDATION
(ECF NO. 150);
(4) DENYING DEFENDANT WAYNE COUNTY'S MOTION TO
STRIKE PLAINTIFF'S OBJECTIONS (ECF NO. 153);
(5) GRANTING DEFENDANT WAYNE COUNTY'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 119); AND
(6) DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT
WAYNE COUNTY WITH PREJUDICE**

On February 2, 2024, Magistrate Judge Elizabeth A. Stafford issued an Order

Denying Plaintiff's Motion for Leave to File a Supplemental Brief in Response to

Wayne County's Motion for Summary Judgment (ECF No. 146, Order) and a Report and Recommendation to Grant Defendant Wayne County's Motion for Summary Judgment. (ECF No. 147, Report and Recommendation.) Plaintiff Ramon Ward timely filed Objections to both Magistrate Judge Stafford's Order and her Report and Recommendation (ECF No. 150, Pl. Obj.) In response, Defendant Wayne County filed a combined Motion to Strike and/or Response to Plaintiff Ramon Ward's Objection. (ECF No. 153.) Plaintiff then filed a combined Response to Wayne County's Motion to Strike and a Reply brief in support of his Objections (ECF No. 154.) Because the Court does not believe that oral argument will aid in its disposition of this matter, it will resolve this matter on the briefs in accordance with Eastern District of Michigan Local Rule 7.1(f)(2).

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the February 2, 2024 Report and Recommendation to which specific and timely objections have been filed, and a review of the February 2, 2024 Order for clear error, OVERRULES Plaintiff's Objections, ADOPTS the February 2, 2024 Report and Recommendation to grant Defendant's Motion for Summary Judgment, AFFIRMS the February 2, 2024 Order denying Plaintiff's Motion for Leave to File Supplemental Brief in Response to Wayne County's Motion for Summary Judgment, DENIES Wayne County's Motion

to Strike Plaintiff's Objections, and GRANTS Defendant Wayne County's Motion for Summary Judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 1995, following a three-day jury trial in the Wayne County Circuit Court, Plaintiff Ramon Ward was convicted of the murders of Denise Sharon Cornell and Joan Gilliam. (ECF No. 1, Compl. ¶¶ 105, 120.) On February 16, 1995, Ward was sentenced to life in prison without parole for the first murder charge, 40 to 60 years for the second murder charge, and two years for a felony firearm charge. (*Id.* ¶ 137.)

The Wayne County Prosecutor's Office Conviction Integrity Unit (CIU) began investigating Ward's case in 2018 based upon new evidence. (*Id.* ¶ 163.) Following its review, the CIU recommended the vacatur of Ward's conviction. (*Id.* ¶ 165.) Wayne County Prosecutor Kym Worthy agreed, and on February 20, 2020, after Ward had spent over 25 years in prison, the Wayne County Circuit Court issued an order vacating the convictions and sentences against Ward and dismissing all charges against him. (*Id.*) (ECF No. 123-2, Stipulated Order Vacating Convictions and Sentences, Dismissing Charges, and Ordering Defendant Released from the Michigan Department of Corrections.)

County Prosecutor Worthy said in a February 2020 press release that she would "support Mr. Ward's anticipated state claim for relief under the [Michigan]

Wrongful Imprisonment Compensation Act." (ECF No. 128-17, Press Release.) Ward subsequently did bring such a lawsuit against the State of Michigan in the Michigan Court of Claims for compensation under the Michigan Wrongful Imprisonment Compensation Act (WICA), Mich. Comp. Laws 691.1751 *et seq.* The State of Michigan agreed to a settlement with Ward in accordance with the terms of the WICA in the amount of $1,251,540.64, and a Stipulated Order of Judgment was entered on September 10, 2020. (ECF No. 119-11, Stip'd Order of Judgment.)

On November 24, 2021, Ward filed the instant federal civil rights lawsuit against Defendant Wayne County along with a number of other individual defendants. (ECF No. 1, Compl.) Ward alleges violations of federal and state law by the Defendants in connection with his detention, arrest, prosecution, and conviction for the 1994 murders, and he seeks compensatory damages, punitive damages, and attorney fees, as well as injunctive and equitable relief against Defendant Wayne County "to reform the unconstitutional policy and/or custom that was the moving force behind the constitutional rights violations suffered by Mr. Ward." (*Id.* PageID.2.)

On July 31, 2023, Defendants Wayne County, Robert Agacinski, and Janet Napp moved for summary judgment in this case. (ECF No. 119, Wayne County

Defs. Mot.)[1] Relevant here, Defendant Wayne County argued that Ward's claims against it are barred by his acceptance of compensation under the WICA which constitutes a complete release of his claims against the State of Michigan and its political subdivisions, including Wayne County, pursuant to Mich. Comp. Laws 691.1755(8). (*Id.* PageID.3171-74.) The relevant portion of the WICA provides:

> The acceptance by the plaintiff of an award under this act, or of a compromise settlement of the claim, must be in writing and, unless it is procured by fraud, is final and conclusive on the plaintiff, *constitutes a complete release of all claims against this state*, and is a complete bar to any action in the state court by the plaintiff against this state based on the same subject matter. However, the acceptance by the plaintiff of an award under this act, or compromise or settlement of the plaintiff's claim, does not operate as a waiver of, or bar to, any action in federal court against an individual alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment.

Mich. Comp. Laws 691.1755(8) (emphasis added).

Ward filed a Response brief on August 20, 2023. (ECF No. 128, Pl. Resp.) He argues in his Response that "the Stipulated Order of Judgment states: 'Plaintiff's award is subject to the protections and limitations described in MCL 691.1755(9)-(13)'" and "[t]here is no mention of Section 691.1755(8) anywhere in the Stipulated

---

[1] Robert Agacinski was the Wayne County prosecutor who handled Ward's 1995 trial, and Janet Napp handled the post-conviction appellate proceedings. (ECF No. 1, Compl. ¶¶ 7, 9, 106, 144.) The parties later stipulated to dismiss Ward's claims against Defendants Agacinski and Napp with prejudice. (ECF No. 139, 10/10/23 Stip'd Order.)

Order of Judgment…. As a result, Section 691.1755(8) does not apply to Mr. Ward's WICA case and does not bar Plaintiff's claims against the County in this case." (*Id.* PageID.5520-21 (citing ECF No. 119-11, Stipulated Order of Judgment).)

The Wayne County Defendants filed a Reply brief on September 5, 2023. (ECF No. 130, Wayne County Defs. Reply.) Wayne County responds that Ward's argument in his Response brief is faulty and unsupported and that the subsections specifically referred to in the Stipulated Order pertain to impacts on Ward's award. Wayne County reasserts that Ward's acceptance of compensation under the WICA constitutes a complete release of his claims against the State of Michigan and its political subdivisions, including Wayne County. (*Id.* PageID.6657-58.)

On October 13, 2023, this Court issued an Order referring this matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including the outstanding motions. (ECF No. 140.)

On December 22, 2023, Wayne County filed a notice of Supplemental Authority in Support of Wayne County's Motion for Summary Judgment, directing the Court to District Judge David M. Lawson's recently-decided December 19, 2023 "Opinion and Order Granting Wayne County's Motion for Summary Judgment" in *Larry Smith v. County of Wayne, et al.*, Case No. 21-12070, *appeal filed* Case Nos. 24-1030, 24-1031. (ECF No. 142.)

Ward responded to that supplemental authority on December 9, 2023 (ECF No. 143, Pl. Resp.), and he also filed a Motion for Leave to File Supplemental Brief in Response to Defendant Wayne County's Motion for Summary Judgment. (ECF No. 144, Pl. Mot.) In that motion, Ward sought to address for the first time in the supplemental brief the issue of whether the WICA is preempted by 42 U.S.C. § 1983. (*Id.*)

Wayne County filed a Response to Ward's Motion for Leave to File Supplemental Brief on January 12, 2024, arguing that Ward's motion should be denied because he "has not, and cannot, show new evidence or authority that was not available to him when the original briefs were filed" and that he is instead "asking for a second bite at the apple." (ECF No. 145.)

On February 2, 2024, Magistrate Judge Stafford issued an Order Denying Plaintiff's Motion for Leave to File Supplemental Brief in Response to Wayne County's Motion for Summary Judgement. (ECF No. 146, Order.) The Magistrate Judge found that "the authority about preemption Ward wishes to refute is far from new, and his attempt to address that authority is far too late." (*Id.* PageID.6848.) Magistrate Judge Stafford further stated: "What is more, the Court finds that Ward's preemption argument lacks merit for the reasons stated in *Clark* [*v. Abdallah*, No. 21-10001, 2023 WL 4851410 (E.D. Mich. July 28, 2023)] and *Leaman* [*v. Ohio*

7

*Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987)], so

permitting his supplemental brief would not further the interests of justice." (*Id.*)

That same day, Magistrate Judge Stafford also issued her Report and

Recommendation to Grant Defendant Wayne County's Motion for Summary

Judgment. (ECF No. 147, Report and Recommendation.) Magistrate Judge Stafford

found that pursuant to the plain language of the WICA statute, Ward's voluntary

acceptance of the WICA award barred his claims against Wayne County. (*Id.*)

On February 16, 2024, Ward filed in one document his Objections to the Order

denying his motion for leave to file a supplemental brief and his Objections to the

Report and Recommendation to grant Wayne County's motion for summary

judgment. (ECF No. 150.) Wayne County filed a Motion to Strike and/or Response

to Plaintiff's Objections (ECF No. 153), and Ward filed a Response to Wayne

County's Motion to Strike and Reply to Wayne County's Response. (ECF No. 154.)

## II.   STANDARDS OF REVIEW

### A. Order on Non-dispositive Motion

The Court's review of a magistrate judge's resolution of a non-dispositive

pretrial matter is limited to determining whether the order is "clearly erroneous" or

"contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States

Supreme Court and the Sixth Circuit Court of Appeals have both held that "[a]

finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). Importantly, "this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (citation omitted).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *See id.* (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the "contrary to law" standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)).

### B. Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a

9

timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004) (citing Fed. R. Civ. P. 72(b)). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Finally, parties cannot raise arguments on objection or appeal that they did not bring before the Magistrate Judge. *Murr v. United States,* 200 F.3d 895, 901 n. 1 (6th Cir. 2000).

## III.    ANALYSIS

### A. Wayne County's Motion to Strike Ward's Objections (ECF No. 153)

Before addressing Ward's Objections to Magistrate Judge Stafford's Order and her Report and Recommendation, the Court first addresses Defendant Wayne County's Motion to Strike Plaintiff's Objections (ECF No. 153).

The Court finds that Wayne County's Motion to Strike, which is combined with its Response brief to Ward's objections, violates E.D. Mich. L.R. 7.1(i) which states that "[m]otions must not be combined with any other stand-alone document. For example, … a counter-motion must not be combined with a response or reply[.]" The Local Rule states that "[p]apers filed in violation of this rule will be stricken." *Id.* Because Wayne County did not file a motion to strike as a stand-alone document, the Court will deny Defendant's request to strike Ward's objections as filed in violation of E.D. Mich. L.R. 7.1(i).

However, even if the Court were to consider Wayne County's motion to strike, it would deny that motion. Wayne County argues that Ward's Objections should be stricken because he failed to properly label his objections as required by the Magistrate Judge's Report and Recommendation (i.e., "Objection #1," "Objection

11

#2), and that he failed to precisely specify the part of the Magistrate Judge's Report and Recommendation to which he objects. (ECF No. 153, Def. Mot., PageID.6971-72.)

Ward responds that he stated sufficient bases for his objections and cited by PageID number the specific findings in the Magistrate Judge's Order and Report and Recommendation to which he objects. (ECF No. 154, Pl. Resp., PageID.7001-05.) Ward lists "the following specific bases for his objection [to the Report and Recommendation]:

> (a) "The Magistrate Judge erred in applying *Smith* [*v. County of Wayne*, No. 21-12070, 2023 WL 8788944 (E.D. Mich. Dec. 19, 2023)] to Mr. Ward's case;"
>
> (b) "both the *Smith* Court and the Magistrate Judge conflate Mr. Ward's stipulated order of judgment with Smith's settlement agreement"; and
>
> (c) "the Magistrate Judge's (and the *Smith* Court's) reliance on *DeJesus v. Harvey*, 2023 WL 4372682 (E.D. Mich. July 6, 2023), *Clark*, 2023 WL 4851410, and *Deering v. Oakland Cnty.*, 2023 WL 5808831 (E.D. Mich. Sept. 7, 2023), was also erroneous, as their interpretation of WICA conflicts with the rules of statutory construction."

(ECF No. 154, Pl. Reply, PageID.7004 (citing ECF No. 150, Pl. Obj., PageID.6889, 6891-92).)

Despite Ward's failure to follow the Report and Recommendation's clear directive that "[e]ach objection must be labeled as 'Objection #1,' 'Objection #2,"

the Court will find, in the interest of justice, that Ward's Objections sufficiently identify the provisions of the Report and Recommendation to which they pertain. The Court notes that it is required to conduct a *de novo* review of the Magistrate Judge's Report and Recommendation. Therefore, the Court must review all aspects of the Recommendation to which Ward asserts a specific objection.

Accordingly, for all these reasons, Defendant Wayne County's request to strike Ward's objections is DENIED.

### B. Magistrate Judge Stafford's February 2, 2024 Order Denying Ward's Motion for Leave to File Supplemental Brief in Response to Wayne County's Motion for Summary Judgment (ECF No. 146)

Ward argues that Magistrate Judge Stafford's Order Denying his Motion for Leave to File Supplemental Brief is "contrary to law." (ECF No. 150, Pl. Obj., PageID.6880-81) (ECF No. 154, Pl. Reply, PageID.7006-08.) Ward contends he should have been permitted to file a supplemental brief in response to Wayne County's Motion for Summary Judgment addressing the issue of federal preemption and specifically his argument that 42 U.S.C. § 1983 preempts the WICA. Ward asserts that the Supremacy Clause "'instructs that courts 'must not give effect to state laws that conflict with federal laws.'" (*Id.*, PageID.6880-81, citing *Torres v. Precision Indus., Inc.*, 938 F.3d 752, 754 (6th Cir. 2019) (quoting *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324 (2015)).)

The Court has carefully reviewed Magistrate Judge Stafford's February 2, 2024 Order and concludes that it is neither clearly erroneous nor contrary to law. To start with, the Court "does not have to accept every filing submitted by a party." *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC*, 463 F.3d 478, 488 (6th Cir. 2006); *Jones v. Northcoast Behav. Healthcare Sys.*, 84 F. App'x 597, 599 (6th Cir. 2003) (finding "[t]he district court's decision to strike the supplemental memoranda was not an abuse of discretion" when the briefing was closed and the case was ready for decision, and plaintiff had no authority to file supplemental briefings). The Magistrate Judge's Order correctly stated that "[c]ourts may grant parties leave to file a supplemental response in the interests of justice when the proposed submission contains new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence when the original briefs were filed." (ECF No. 146, Order, PageID.6847, citing *Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 966 (E.D. Mich. 2022) (internal quotation marks omitted).) The briefing on Wayne County's Motion for Summary Judgment closed on September 5, 2023. Magistrate Judge Stafford properly ruled that Ward presented no new evidence or authority in his December 29, 2023 Motion for Supplemental Briefing that was not readily available to him during the initial briefing on Defendant's Motion for Summary Judgment.

14

First, while Ward's Motion claims that he seeks leave to file a supplemental brief addressing federal preemption of the WICA "in light of the most recent *Smith* decision," Ward goes on to admit that "the *Smith* Decision did not address whether interpreting Mich. Comp. Laws § 691.1751 *et seq.* (the Wrongful Imprisonment Compensation Act, or WICA) to bar federal lawsuits against counties is preempted by federal law, specifically 42 U.S.C. § 1983." (ECF No. 144, Pl. Mot. Supp. Brief., PageID.6786.) Ward further affirmatively acknowledged that "Wayne County's MSJ and Plaintiff's Response to Wayne County's MSJ, and Wayne County's reply are all silent as to whether Defendant's proposed interpretation of WICA is preempted by federal law." (*Id.* PageID.6787.) Thus, Ward's proposed supplemental briefing was admittedly not "in response" to the parties' prior summary judgment briefing before this Court but rather addressed a new issue.

Magistrate Judge Stafford next correctly noted that the *Clark* opinion cited by Wayne County in its opening Motion for Summary Judgment comprehensively addressed and rejected the argument Plaintiff now seeks to make for the first time in his proposed supplemental brief that § 1983 preempts the WICA. (ECF No. 146, Order, PageID.6848, citing *Clark*, 2023 WL 4851410, at *6-8 (rejecting the argument that § 1983 preempts the WICA because the plaintiffs voluntarily chose to give up their § 1983 rights in favor of monetary judgments under the WICA and thus "WICA does not infringe federal law or violate the Supremacy Clause.") (Roberts,

J).) Magistrate Judge Stafford thus found that "the authority about preemption Ward wishes to refute is far from new, and his attempt to address that authority [now] is far too late." (*Id.*) The Magistrate Judge's Order goes on to state that "What is more … Ward's preemption argument lacks merit for the reasons stated in *Clark* and *Leaman*, so permitting his supplemental brief would not further the interests of justice." (*Id.*)

This ruling is not clearly erroneous or contrary to law. The Order properly states the maxim that a supplemental brief may not raise arguments for the first time which could have been timely raised before the close of briefing or which are outside the scope of the issue to be addressed. *See Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) ("Parties cannot 'raise at the district court stage new arguments or issues that were not presented' *before* the magistrate judge's final R&R.") (emphasis in original) (quoting *Murr*, 200 F.3d at 902 n.1), *motion for relief from judgment denied*, 604 F. Supp. 3d 667 (E.D. Mich. 2022); *Trustees of the Painters, Union Deposit Fund v. G & T Comm. Coatings, Inc.*, No. 13-13261, 2014 WL 2743340, at *2-3 (E.D. Mich. June 17, 2014) (rejecting interpretation of a fringe benefit clause that was raised for the first time in a supplemental brief, because this was "far beyond the appropriate time to assert a new argument"). The federal preemption issue was raised and addressed in the *Clark* decision, which was cited in Wayne County's opening brief in support of its motion for summary judgment. Ward

16

therefore could have addressed that issue in his Response brief, but he did not. Magistrate Judge Stafford did not err when declining to permit briefing to address that issue after the close of briefing on Wayne County's summary judgment motion.

Ward further contends that the Magistrate Judge erred "by failing to meaningfully analyze whether WICA is preempted by 42 U.S.C. § 1983." (ECF No. 150, Pl. Obj., PageID.6889.) Magistrate Judge Stafford's Order states "[w]hat is more, the Court finds that Ward's preemption argument lacks merit for the reasons stated in *Clark* and *Leaman*, so permitting his supplemental brief would not further the interests of justice." (ECF No. 146, Order, PageID.6848.) However, the Court finds that statement is supplementary to the Order's ruling that the proposed supplemental brief improperly seeks to assert a new argument that could have been made in Ward's response brief but was not. Thus, because the supplemental brief was not permitted, the federal preemption issue was not properly before the Court, the Magistrate Judge was not required to "meaningfully analyze" that issue, and this Court will not either.[2] Because the Court finds that Magistrate Judge Stafford correctly denied Ward's Motion to File a Supplemental Brief because "the authority about preemption Ward wishes to refute is far from new, and his attempt to address

_____

[2] The Court notes that another court in this District has similarly held that the WICA is not preempted by § 1983, citing *Clark* and employing the same analysis. *Deering v. Oakland Cnty.*, No. 22-cv-11809, 2023 WL 5808831, at *5 (E.D. Mich. Sept. 7, 2023) (Goldsmith, J.).

that authority is far too late," the Magistrate Judge's statement that the preemption argument lacks merit is at most an alternative or additional finding. Ward's arguments to the contrary are without merit.

Accordingly, Ward has failed to demonstrate that Magistrate Judge Stafford's February 2, 2024 Order was "clearly erroneous" or "contrary to law." Ward's objection to that Order therefore is DENIED and the Magistrate Judge's February 2, 2024 Order is AFFIRMED.

### C. Report and Recommendation to Grant Defendant Wayne County's Motion for Summary Judgment (ECF No. 147)

#### 1. Whether the Magistrate Judge erred in applying *Smith* to Plaintiff's case

Ward first argues that the Magistrate Judge erred in applying the recently decided opinion in *Smith v. County of Wayne*, No. 21-12070, 2023 WL 8788944 (E.D. Mich. Dec. 19, 2023) to this case. (ECF No. 150, Pl. Obj., PageID.6889-91.) The Court find that the Magistrate Judge's reliance on the *Smith* opinion was in no way improper.

In *Smith*, the plaintiff (who was represented by the same counsel as initial counsel for Ward in this case) brought suit against Wayne County and other individual defendants for their role in investigating the murder for which plaintiff was wrongly convicted. Wayne County filed a motion for summary judgment in that case arguing that the plaintiff's claims against it were barred by plaintiff's

18

acceptance of a settlement under Michigan's WICA. *Smith*, 2023 WL 8788944, at

*9-10. The court agreed. It stated that "[t]here is no dispute that the award to Smith

was conferred under the authority of the WICA." *Id.* at *10. The court then found

that "[t]he plain language of the statute states that '*[t]he acceptance by the plaintiff*

*of an award under this act*, or of a compromise or settlement of the claim …

*constitutes a complete release of all claims against this state.*'" *Id.* (quoting Mich.

Comp. Laws 691.1755(8) (emphases added)). The court further noted that "[t]he

statutory terms expressly define 'this state' to include political subdivisions such as

the County" and that "there is no ambiguity in any of those provisions." *Id.* (citing

Mich. Comp. Laws 691.1752(e).)

The *Smith* court went on to state that:

Other district courts in this circuit have considered the same question
and readily concluded that the plain language of the WICA statute bars
*Monell* claims against a Michigan county where the plaintiff previously
accepted an award of compensation under the state law. *E.g., Deering
v. Oakland County*, No. 22-11809, 2023 WL 5808831, at *5 (E.D.
Mich. Sept. 7, 2023) ("WICA was designed to effectuate the release of
all claims — federal and state — against the state, but without an
express limitation on federal court jurisdiction."); *Clark v. Abdallah*,
No. 21-10001, 2023 WL 4851410, at *2 (E.D. Mich. July 28, 2023)
("The Court finds that Plaintiffs voluntarily waived their right to sue
[the City of Inkster] in federal court when they entered into stipulated
WICA agreements."); *DeJesus v. Harvey*, No. 22-12879, 2023 WL
4372682, at *4 (E.D. Mich. July 6, 2023) ("[T]he Court reads the WICA
as precluding a WICA-awarded plaintiff from suing the state or any of
its political subdivisions in federal court. Plaintiffs thus cannot advance
a *Monell* claim against the County.")

*Id.* The court then concluded that "[t]he plaintiff has cited no decisions to the contrary. His claims against the County are barred by operation of subsection 8." *Id.*

Similarly here, Ward has offered no decision to the contrary of *Smith*, *Deering*, *Clark*, or *DeJesus*. Magistrate Judge Stafford properly found that Plaintiff's claims against Wayne County are barred by the unambiguous language in subsection 8 of the Michigan WICA, and Ward's objection is overruled.[3]

### 2. Ward's argument that WICA allows him to bring a federal court action against Wayne County

Ward argues in his Objections that the WICA only bars his him from pursuing an action against Wayne County in state court and not in federal court. (ECF No. 150, Pl. Obj., PageID.6891-6901.) Specifically, Ward relies on language in subsection 8 of 691.1755 that states that the acceptance by plaintiff of an award under the WICA "constitutes a complete release of all claims against this state, *and is a complete bar to any action in state court by the plaintiff against this state based*

---

[3] Further, as the *Smith* case's holding and Magistrate Judge Stafford's recommendation here are based on statutory interpretation of the plain meaning of the WICA statutory language, and specifically Mich. Comp. Laws 691.1755(8), and not on language in a stipulated order or settlement agreement, Ward's complaint that "both the *Smith* Court and the Magistrate Judge conflate Mr. Ward's stipulated order of judgment with Smith's settlement agreement" is of no import. In any event, the Court notes that the *Smith* court did consider Ward's stipulated order of judgment (which defense counsel provided in support of its motion for summary judgment in that case) and found that Ward's stipulated order did not waive the County's rights under subsection 8 merely because that subsection was not specifically mentioned in the order. *Smith*, 2023 WL 8788944, at *10.

*on the same subject matter*" but "does not operate as a waiver of, or bar to, any action in federal court against an individual alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment." *See* Mich. Comp. Laws 691.17655(8) (emphasis added).

Defendant Wayne County first argues that this is a new argument that Ward failed to assert in the underlying briefing on the motion for summary judgment before the Magistrate Judge and thus this new argument should not be considered here because "[p]arties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final report and recommendation." *See Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021) (quoting *Murr*, 200 F.3d at 902 n.1).

Wayne County correctly states that Ward asserted only one argument in his Response to Wayne County's motion for summary judgment:

> The problem for the County Defendants is that the Stipulated Order of Judgment in Ramon Ward's WICA case specifically excluded Section 691.1755(8). In particular, the Stipulated Order of Judgment states: 'Plaintiff's award is subject to the protections and limitations described in MCL 691.1755(9)-(13).' (ECF No. 119-11, PageID.3762 at Section 3) (emphasis added). There is no mention of Section 691.1755(8) anywhere in the Stipulated Order of Judgment. (ECF No. 119-11, PageID.3761-3763). As a result, Section 691.1755(8) does not apply to Mr. Ward's WICA case and does not bar Plaintiff's claims against the County in this case.

(ECF No. 128, Pl. Resp. to MSJ, PageID.5520-21.) Thus, as Wayne County correctly argues, Ward's sole argument was based on the language of the Stipulated Order of Judgment and not based on an interpretation the language of subsection 8 of the WICA statute.

The Court agrees that this a new argument that Ward could have, but failed to, make during the parties' briefing on Defendant's Motion for Summary Judgment. A party may not raise new matters in Objections that he did not first raise within initial briefing. *Murr,* 200 F.3d 895, 902 n. 1 (recognizing that "[c]ourts have held that while the Magistrate Judge Act ... permits *de novo* review by the district court ... it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). The Sixth Circuit Court of Appeals has routinely found that claims raised for the first time in objections to a magistrate judge's report and recommendation are not properly before a district court. *See AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court *never* abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited.") (emphasis added, citation omitted); *Steele v. Jenkins*, No. 17-4171, 2018 WL 2144073, at *4 (6th Cir. Mar. 5, 2018) ("But [the plaintiff] did not raise this claim in his petition; rather, he presented it for the first time in his objections to the magistrate judge's report and recommendation. He therefore has waived review of this claim." (citation omitted)); *Lindsay v. Bradshaw*,

No. 16-3298, 2017 WL 4417877, at *2 (6th Cir. July 18, 2017) ("[T]o the extent that Lindsay argued about his absence during certain court proceedings, that claim was raised for the first time in his objections and was not properly before the district court."); *Hogston v. Comm'r of Soc. Sec.*, No. 16-1475, 2016 WL 9447154, at *3 (6th Cir. Dec. 29, 2016) ("The district court properly determined that Hogston had presented the issue regarding the 2009 MRI for the first time in his objections to the magistrate judge's report and therefore had waived this claim."); *Becker v. Clermont Cnty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011) ("Although [plaintiff] later requested [a certain damages amount], this request was not made until he filed objections to the magistrate judge's report and recommendation, and need not be considered by this court because it was not first presented to the magistrate judge); *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (finding the district court properly found plaintiff waived argument asserted for first time in his objections to the magistrate judge's report).

Numerous district courts within the Sixth Circuit, including this Court, have held the same. *See, e.g., Tillman v. Danielle Alfred P.A.*, No. 20-cv-12196, 2022 WL 2764938, at *4 (E.D. Mich. July 15, 2022) (Borman, J.) ("[I]ssues raised for the first time in objections to a report and recommendation are deemed waived."); *Cain v. Rinehart*, No. 19-cv-11278, 2021 WL 4504220, at *7 (E.D. Mich. Oct. 1, 2021) (declining to consider arguments that plaintiff failed to first present to the magistrate

judge), *aff'd*, No. 22-1893, 2023 WL 6439438 (6th Cir. July 25, 2023); *United States v. Hayes*, 458 F. Supp. 3d 857, 869 (E.D. Tenn. 2020) ("agree[ing] with the reasoning of other courts that allowing a party to raise an argument for the first time in an objection to an R&R 'defeats the purpose of the R&R process and frustrates judicial efficiency.'") (quoting *United States v. Evans*, No. CR 13-22-DLB-1, 2019 WL 1077371, at *4-5 (E.D. Ky. Mar. 7, 2019)); *Stankoski v. Comm'r of Soc. Sec.*, No. 2:11-CV-00627, 2012 WL 3780333, at *3 (S.D. Ohio Aug. 31, 2012) ("A party may not raise new matters in Objections that she did not first raise within initial briefing."), *aff'd sub nom. Stankoski v. Astrue*, 532 F. App'x 614 (6th Cir. 2013).

Thus, "[i]t is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate [judge], then another past the district court." *Childress v. Michalke*, No. 10-cv-11008, 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) (internal citation and quotation marks omitted), *motion for relief from judgment denied*, 2014 WL 5481437 (E.D. Mich. Oct. 29, 2014). Ward's failure to raise this new statutory interpretation argument to the Magistrate Judge prior to his Objection means Ward has waived this argument.

The Court further finds that Ward does not assert compelling reasons for the Court to consider this new argument. Ward first asserts that he was never given a

chance to respond to the *Smith* decision, which made findings as to the statutory interpretation of subsection 8 of WICA. (ECF No. 150, Pl. Obj., PageID.6891-92 fn.6.) This is simply not true as Ward in fact did file a response to Wayne County's submission of the *Smith* case as supplemental authority, but even there he did not make the statutory interpretation argument he now seeks to make in his Objection. (*See* ECF No. 143, Plaintiff's Response to Supplemental Authority in Support of Wayne County's Motion for Summary Judgment.) Next, to the extent Ward asserts he has identified "conflicting decisions within this Court" supporting his argument, the Court notes that Ward relies only on a magistrate judge's report and recommendation that was rejected by the district court in *Deering*, 2023 WL 5808831 (ECF No. 150-1) and dicta in an unpublished Omnibus Order enforcing a settlement agreement and dismissing the plaintiff's claims against the City of Detroit pursuant to Fed. R. Civ. P. 41(a)(2) (dismissal of action at plaintiff's request) (ECF No. 150-2).[4] The Court finds that neither of these decisions presents a compelling

---

[4] This Omnibus Order was issued in *Ansari v. Jimenez*, Case No. 20-cv-10719 (E.D. Mich. Apr. 4, 2022). (ECF No. 150-2.) In that case, the plaintiff sought to voluntarily dismiss its claims against the City of Detroit and the City sought cost recovery, asserting that the claims asserted against it were frivolous because the plaintiff's voluntary acceptance of the WICA award barred his suit. (*Id.*) The court stated that the City was not entitled to costs, finding that the plaintiff's reading of the WICA statute was "not frivolous" because "[n]othing in [the statute's] plain text prevents Plaintiff from suing the City in *federal court* for claims based on his wrongful conviction." (*Id.* (emphasis in original).) This order provides at most very limited support for Ward's argument, and it is certainly not "compelling" authority.

reason for the Court to consider Ward's untimely argument, even if it is, as Ward claims, a legal issue that requires no additional discovery.

The Court further finds that, notwithstanding Ward's waiver of this argument, even if the Court did consider Ward's untimely argument, his proposed interpretation of the WICA would be rejected for the same reasons as stated in *Deering v. Oakland Cnty.*, No. 22-cv-11809, 2023 WL 58008831, at *3 (E.D. Mich. Sept. 7, 2023) (Goldsmith, J.) and *DeJesus v. Harvey*, No. 22-cv-12789, 2023 WL 4372682, at *2-3 (E.D. Mich. July 6, 2023) (Kumar, J.). As in explained in *Deering*:

> In parsing the [WICA] statute, one can discern three distinct legislative pronouncements: (i) "the acceptance ... of an award ... constitutes a complete release of all claims against this state ..."; (ii) "the acceptance of an award ... is a complete bar to any action in state court by the plaintiff against this state ..."; and (iii) "the acceptance ... does not operate as a waiver of, or bar to, any action in federal court against an individual alleged" to be involved in securing the wrongful conviction. The "plain" meaning of each pronouncement is unambiguous. A "complete release of all claims against this state" means just that—a complete release of all claims against the state. A bar to state court action against the state means just that—no further action against the state in state courts. And the express allowance for federal court actions against individuals involved in the wrongful conviction is unambiguously confined to individuals, not governmental entities.

> ***

> But there is a purpose served by the second pronouncement: it raises the bar for further action against the state to a jurisdictional level. That is, the pronouncement serves to strip Michigan courts of the power to entertain any further actions against the state, while at the same time avoiding an express limitation on federal-court jurisdiction, which would exceed a state legislature's power. Thus, the second

26

> pronouncement is far from superfluous and is justified as serving a statutory mission that has nothing to do with limiting the scope of the release embedded in the first pronouncement.

*Deering*, 2023 WL 5808831, at \*3-4 (further noting that "[i]f the Legislature had intended to keep federal court actions alive against the state, it undoubtedly would have expressly said so. After all, it did expressly state that the release did not bar federal-court actions against individuals."); *see also DeJesus*, 2023 WL 4372682, at \*2-3 (stating that "the WICA's explicit carve out for federal actions against individuals should be understood as limited in conjunction with the much broader complete release and bar of claims against the state" and "if the 'complete bar' provision allowed plaintiffs to sue state entities in federal court, as plaintiffs argue, then the later explicit reservation of the right to sue in federal court would need not be limited to individuals involved in the investigation, prosecution, or conviction giving rise to the wrongful conviction or imprisonment. The provision explicitly permitting federal actions against individuals further undermines the plaintiffs' favored interpretation."). This Court adopts the sound reasoning of the *Deering* and *DeJesus* courts on this issue and thus rejects Plaintiff's objection for that reason as well.

## IV. CONCLUSION

For the reasons set forth above, the Court:

**(1)** **ADOPTS** Magistrate Judge Stafford's February 2, 2024 Report and Recommendation (ECF No. 147);

**(2)** **AFFIRMS** Magistrate Judge Stafford's February 2, 2024 Order (ECF No. 146);

**(3)** **OVERRULES** Plaintiff Ramon Ward's Objections (ECF No. 150);

**(4)** **DENIES** Defendant Wayne County's Motion to Strike (ECF No. 153);

**(5)** **GRANTS** Defendant Wayne County's Motion for Summary Judgment (ECF No. 119); and

**(6)** **DISMISSES WITH PREJUDICE** Plaintiff Ramon Ward's claims against Defendant Wayne County.

IT IS SO ORDERED.

Dated:  March 19, 2024                    s/ Paul D. Borman
                                          Paul D. Borman
                                          United States District Judge