UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAMON WARD,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF WAYNE, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-12742<br>Honorable Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS JORGENSEN AND SANDERS ON THE UNLAWFUL DETENTION CLAIM**

## I.　Introduction

Plaintiff Ramon Ward filed this action under 42 U.S.C. § 1983, challenging his wrongful conviction. ECF No. 1. The Honorable Paul D. Borman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 140.

In its last report and recommendation (R&R), the Court recommended dismissing all claims against Defendants Fred Jorgensen and Tony Sanders except for a Fourth Amendment unlawful detention claim. ECF No. 151, PageID.6954. The Court ordered Ward to address why summary judgment should not be granted in favor of Jorgensen and

Sanders on that claim.  ECF No. 152.  Noting the lack of evidence that Jorgensen and Sanders knew that probable cause for Ward's arrest was wanting, the Court questioned whether they had enough personal involvement to be held liable.  *Id.*  Ward filed a supplemental brief.  ECF No. 155.  The Court **RECOMMENDS** that summary judgment on the unlawful detention claim be **GRANTED** in favor of Jorgensen and Sanders under Federal Rule of Civil Procedure 56(f)(2).

## II.     Background

The factual background is fully described in the Court's last R&R.  ECF No. 151.  In relevant part, Defendant Monica Childs ordered Jorgensen and Sanders to arrest Ward without a warrant in connection with the January 1994 murders of two women.  *Id.*, PageID.6922-6923.  Her decision to arrest rested on a statement from witness Jimmie Lee Stancil that Ward had confessed to the murders.  *Id.*  But Childs only gave Jorgensen and Sanders a description of Ward and told them that he was wanted as a suspect for a double homicide.  ECF No. 123-13, PageID.4538-4539.

## III. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The opposing party "may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an

3

affirmative showing with proper evidence in order to defeat the motion." *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009) (cleaned up). "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Id.* (cleaned up). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560.

**B.**

Before addressing Ward's arguments in his supplemental brief, the Court will clarify its last R&R's conclusion that Ward's Fourth Amendment false arrest claim was untimely because it accrued when he was bound over for trial in May 1994. ECF No. 151, PageID.6932. That conclusion applies equally to Ward's unlawful detention claim arising from his initial detention—his *pre-legal-process* detention between his arrest and the preliminary examination.

The Fourth Amendment does not distinguish between false arrests and unlawful detentions and instead "establishes a singular ban" on all pretrial detentions without probable cause, no matter if the "detention comes before or after formal 'legal process.'" *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1160-61 (6th Cir. 2021) (cleaned up). But courts

4

must refer to the common-law torts of false arrest, false imprisonment, and malicious prosecution to determine the statutes of limitations for § 1983 claims. *Id.* at 1161. Those torts "have traditionally distinguished between a detention before the issuance of 'legal process' and a detention after it." *Id.* In *Dibrell*, the Sixth Circuit evaluated the timeliness of the plaintiff's claims for false arrest and false imprisonment for his initial detention together, applying the same statute of limitations and accrual date to both claims. *Id.* at 1163. The court recognized that a different accrual date may apply to a "post-legal-process" unlawful detention claim, although it declined to resolve that question. *Id.* (citing *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 371-73 (2017)).

Thus, Ward's pre-legal-process claims of false arrest and unlawful detention are untimely, while his unlawful detention claim arising from his post-legal-process pretrial detention are timely. *See* ECF No. 151, PageID.6932-6933.

The question then is whether Jorgensen and Sanders were personally involved in Ward's post-legal-process detention. To succeed in a § 1983 claim, a plaintiff must show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Pineda*

5

*v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action). Proximity to the wrongdoer does not convey responsibility. *Pineda*, 977 F.3d at 490. A plaintiff must show with particularity what *each* defendant did to violate the asserted constitutional right. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)).

Ward argues that Jorgensen and Sanders are not entitled to summary judgment because the Court determined that Stancil's statement—which served as the sole basis to arrest Ward—was insufficient to support probable cause. ECF No. 155, PageID.7025-7026 (citing ECF No. 151, PageID.6932-6934, 6943). And because Childs, the instructing officer, lacked probable cause for the arrest, so too did Jorgensen and Sanders. *Id.* (citing *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 568 (1971); *Willis v. Neal*, 247 F. App'x 738, 742-43 (6th Cir. 2007); *Frazier v. City of Detroit*, No. 21-11193, 2022 WL 1978736, at *5 (E.D. Mich. June 6, 2022)).

But Ward alleges only that Jorgensen and Sanders were personally involved in Ward's pre-legal-process detention—a claim barred under the statute of limitations. *See Dibrell,* 984 F.3d at 1160-63; *see also Manuel*,

6

580 U.S. at 368 (distinguishing between unlawful detention claims arising from initial detention and post-legal-process detention). He does not allege or show that Jorgensen or Sanders were personally involved in his continued detention after the preliminary examination. No evidence shows that they took part in the alleged scheme to fabricate the evidence presented during the preliminary examination. *See* ECF No. 1, PageID.6-7; ECF No. 151, PageID.6946. Thus, Jorgensen and Sanders are entitled to summary judgment on the unlawful detention claim.

## IV. Conclusion

The Court thus **RECOMMENDS** that summary judgment on the unlawful detention claim be **GRANTED** in favor of Jorgensen and Sanders.

                                                                              s/Elizabeth A. Stafford
                                                                              ELIZABETH A. STAFFORD
                                                                              United States Magistrate Judge

Dated: April 30, 2024

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2024.

                                            <u>s/Marlena Williams</u>
                                            MARLENA WILLIAMS
                                            Case Manager